[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant, the Hartford Insurance Company of the Midwest, moves to strike count two of the plaintiff's revised complaint. In count two, the plaintiff alleges recklessness against the defendant, with whom she has insurance coverage, for uninsured motorist benefits based on the conduct of the underlying defendant, Mary I. Venturo, an uninsured motorist.
The defendant argues that the plaintiff fails to state a legally sufficient cause of action because the plaintiff fails to plead any supporting facts to establish the essential elements of statutory reckless conduct but merely realleges the allegations of the first count for negligence. In opposition to the motion to strike, the plaintiff states that she only made a claim for common law recklessness, not statutory recklessness, and that she alleges sufficient facts to support such a claim. As such, this court examines only the sufficiency of the plaintiff's common law recklessness cause of action.
"[T]he court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Novametrix Medical Systems, Inc.v. BOC Group, Inc., 224 Conn. 210, 215, 618 A.2d 25 (1992). The court "construe[s] the complaint in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.) Pamela B.Ment, 244 Conn. 296, 308, 709 A.2d 1089 (1998). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.) Bhinder v. SunCo., 246 Conn. 223, 226, 717 A.2d 202 (1998).
In support of his motion to strike, the defendant cites to cases that stand for the proposition that where a complaint with counts sounding in negligence and recklessness and the recklessness count relies on the same fact pattern as the negligence count and simply refers to such conduct as reckless a recklessness count is insufficiently alleged. See Anderson v. Ansaldi, Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 452576 (January 22, 1993, Berger, J.) (8 Conn.L.Rptr. 242); see also Varlese v. Beers, Superior Court, judicial district of Waterbury, Docket No. 099775 (April 4, 1992, Sullivan, J.) (3 Conn. L. Rptr. 474); Holloway v. Silberberg, Superior Court, judicial CT Page 5033 district of Ansonia-Milford at Milford, Docket No. 028643 (August 22, 1990, Hartmere, J.) (2 Conn.L.Rptr. 289). In opposition, the plaintiff notes that while the courts require distinct pleading for each cause of action, the plaintiff cites a Superior Court decision that recognizes that "the most basic underlying facts will be the same throughout each count [of negligence and recklessness] since both counts are founded upon the same fundamental set of facts."Aekins-Islam v. White Plains Bus Co., Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 154275 (September 22, 1998, D'Andrea, J.). "The fact that the recklessness count relies upon the same factual allegations as the negligence claim does not, in and of itself, provide [the defendant] with the basis for a motion to strike." Bendowski v. Quinnipiac College, Superior Court, judicial district of New Haven at Meriden, Docket No. 248346 (April 9, 1996, Silbert, J.) (16 Conn.L.Rptr. 470).
Although the basic facts in each of the plaintiff's two counts are similar, the recklessness count does not merely refer to conduct alleged in the negligence count as reckless in a bare and conclusory fashion. In the negligence count, the plaintiff alleges that the underlying defendant Venturo failed to act in a proper and reasonable manner by failing to keep her vehicle under control, to look out for the plaintiff's vehicle and other vehicles on the road, to apply her brakes in time to avoid a collision or to turn her vehicle so as to avoid a collision. In addition to the factual allegations in the negligence count, for the recklessness count the plaintiff also alleges that the underlying defendant Venturo operated her vehicle on the left-hand side of the road at a greater rate of speed than was reasonable, while impaired by the consumption of an intoxicating substance, and failed to pass oncoming traffic on the right or to give the plaintiff's vehicle at least one-half the main-traveled portion of the road. This court finds that driving over the speed limit while on the opposite side of the road and not giving way to oncoming traffic properly raises a supportable inference of reckless driving at common law. See also Adams v. Champagne, Superior Court, judicial district of Milford at Milford, Docket No. 061154 (May 27, 1998, Corradino, J.) (22 Conn.L.Rptr. 241) (the trial court determined that driving into an intersection over the speed limit while traveling on the shoulder and passing stopped traffic on the right-hand side properly raises a supportable inference of reckless driving at common law and in violation of General Statutes § 14-222).
Accordingly, the defendant's motion to strike count two is hereby denied.
BY THE COURT CT Page 5034
Hon. Andre M. Kocay, J.